UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT FOSTER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING, and<br>NATIONAL BANKRUPTCY SERVICES,<br>LLC<br><br>　　　　Defendants. | Civil Action No. _____ |

# NOTICE OF REMOVAL

To:　The Honorable Judges of the United States District Court for the District of Massachusetts

Pursuant to 28 U.S.C. §§ 1441 *et seq.*, Defendant Litton Loan Servicing, LP ("Litton") hereby removes the action captioned <u>Scott Foster v. Litton Loan Servicing and National Bankruptcy Services, LLC</u>, PLCV2010-01130-A, now pending in the Massachusetts Superior Court, Plymouth County, to the United States District Court for the District of Massachusetts.  In so doing, Litton states the following:

　　　　1.　On or about August 30, 2010 Plaintiff Scott Foster ("Foster"), filed an action in Massachusetts Superior Court, Plymouth County against Litton.  According to the state court docket, no proceedings have occurred.  A copy of all papers served on Litton are attached hereto as <u>Exhibit A.</u>

　　　　2.　Foster states that he is a resident of Massachusetts.  *See* <u>Exhibit A</u>, Complaint, ¶ 1.  Litton is a limited partnership organized under the laws of Delaware, whose partners are Utah

residents.  Upon information and belief, National is a limited liability company formed under Texas law whose officers are Texas residents.  Foster correctly identifies Litton and National Bankruptcy Services, LLC ("National") as having their principal places of business in Texas.  *Id.*, ¶¶ 2-3.  Accordingly, Foster in completely diverse in citizenship from each defendant.

3. In his complaint and its exhibits, Foster alleges that Litton violated certain state and federal laws and intentionally caused him emotional distress through its alleged misconduct in collecting on his mortgage loan and failing to modify his loan.  *Id.*, ¶¶ 20-28, 35-38, 43-51.  Foster seeks an injunction to prevent Litton from foreclosing on the property and require Litton to modify the loan.  *Id.*, ¶¶ 28, 38, 45, 48, 49-51.  He also seeks damages in the amount of $200,000.  *See* Exhibit A, Civil Action Coversheet.  Accordingly, the amount in controversy exceeds $75,000.

4. As a result, this Court has original subject matter jurisdiction over this action on the basis of 28 U.S.C. § 1332, as there is complete diversity of citizenship between Foster, Litton, and National and because the matter in controversy exceeds $75,000.

5. In addition, Foster alleges that Litton violated the federal Fair Debt Collection Practices Act.  *Complaint*, ¶¶ 42-48.  Therefore, this Court also has original subject matter jurisdiction over this claim on the basis of 28 U.S.C. § 1331, as it is a cause of action arising under the Constitution, laws, or treaties of the United States.  The Court has supplemental jurisdiction over the remaining claims of Foster's complaint on the basis of 28 U.S.C. § 1367.

6. Pursuant to 28 U.S.C. § 1446, Litton's notice of removal is timely as it is filed within thirty (30) days of receipt of the complaint.

7. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Massachusetts Superior Court.

8.        Pursuant to Local Rule 81.1, Litton will file certified or attested to copies of all papers that have been filed in Superior Court.

**WHEREFORE**, Litton respectfully requests that the above action now pending against it in the Plymouth County Superior Court in the Commonwealth of Massachusetts be removed therefrom to this Court.

LITTON LOAN SERVICING, LP<br>
By its attorneys,<br>
<br>
/s/ Richard E. Briansky<br>
Richard E. Briansky, BBO# 632709<br>
rbriansky@princelobel.com<br>
Amy B. Hackett BBO# 676345<br>
abhackett@princelobel.com<br>
**PRINCE, LOBEL, GLOVSKY & TYE LLP**<br>
100 Cambridge Street, Suite 2200<br>
Boston, MA 02114<br>

Dated:  September 28, 2010          Tel:  617.456.8000

CERTIFICATE OF SERVICE

I, Richard E. Briansky, certify that a true and accurate copy of the foregoing document was filed through the Court's ECF system this 28th day of September, 2010.  I further certify that a true and accurate copy of the foregoing document was sent by first-class mail, postage prepaid to all parties to this action on September 28, 2010.

/s/ Richard E. Briansky
Richard E. Briansky