# EXHIBIT A

*40827701-67
RECEIVED
90 DPD
SEP 1 2010
Litton Loan Servicing LP
Legal Department

Howard G. Guggenheim, Esquire
40 Tremont Sreet, Suite 63
Duxbury, MA 02332

Telephone: 781-264-3717

September 3 , 2010

Litton Loan Servicing
4828 Loop Central Drive
Houston, TX 77081

National Bankruptcy Services, LLC
9441 LBJ Freeway, Suite 250
Dallas, TX 75243

    Re: Foster v. Litton Loan Servicing and National Bankruptcy Services, LLC
        Docket No. PLCV2010-01130-A

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Dear Sir/Madam:

    Pursuant to Massachusetts Rule of Civil Procedure 4(e) and M.G.L. ch 223A secs.3&6, service is hereby made upon you of the enclosed Summons and Complaint in the above referenced matter. Service is also made of the Statement of Damages (Sup. Ct. Rule 29) and Scheduling Order.

Very truly yours,

Howard G. Guggenheim
Attorney for Scott F. Foster

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.    SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH
CIVIL ACTION NO. *PLCV2010-01130-A*

..........*Scott E. Foster*.........., Plaintiff(s)

vs.

..........*Litton Loan Servicing +*.........., Defendant(s)
*National Bankruptcy Services, LLC*

**SUMMONS**

To the above-named defendant:

You are hereby summoned and required to serve upon *Howard Guggenheim* plaintiff attorney, whose address is *110 Tremont St., Duxbury, MA 02332*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ...*1st*... day of ...*September*..., in the year of our Lord Two thousand and ...*Ten*... .

Robert S. Creedon, Jr.
CLERK OF COURTS

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. <u>To the plaintiff's attorney:</u> please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .............................................., 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant , in the following manner(See Mass. R. Civ. P. 4(d)(1-5)):..........................................................................

..........................................................................

..........................................................................

Dated: , 20 ..........................................................................

N.B. TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

, 20

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

COMMONWEALTH OF MASSACHUSETTS
PLYMOUTH, SS:                              SUPERIOR COURT DEPT.
                                                   CIVIL ACTION
                                                   DOCKET NO. PLCV2010-01130-A

SCOTT F. FOSTER,                         )
       Plaintiff                                   )
                                               )
VS.                                                   )
                                               )
LITTON LOAN SERVICING and           )
NATIONAL BANKRUPTCY SERVICES, LLC,   )
       Defendants                              )

## **VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

### **GENERAL ALLEGATIONS**

1. The Plaintiff, Scott F. Foster, is an individual residing at 72 Emmet Street, Brockton, Plymouth County, Massachusetts. He is the owner of the residential home at that address.

2. The Defendant, Litton Loan Servicing (hereinafter "Litton"), is a duly organized corporation having its principal place of business located at 4828 Loop Central Drive, Houston, Texas, and doing business in the Commonwealth of Massachusetts. Litton is in the business of servicing mortgages on behalf of financial institutions.

3. The Defendant, National Bankruptcy Services, LLC (hereinafter "National"), is a duly organized corporation having its principal place of business located at 9441 LBJ Freeway, Suite 250, Dallas, Texas, and doing business in the Commonwealth of Massachusetts. National is the agent of the Defendant, Litton, and is in the business of handling loss mitigation for Litton.

4. In February of 2009, the Plaintiff, following his bankruptcy, applied to Litton for a loan modification for the mortgage payments on his residence.

5. In response, Litton set up a "Speed Pay" service which allowed Litton to deduct the modified amount of $1,364.16 directly from Plaintiff's checking account.

6. Litton accepted the modified mortgage payment of $1,364.16, deducted from Plaintiff's checking account, beginning in July of 2009 through the present date. Plaintiff has made payments every month, without default.

7. Since Plaintiff first applied for his loan modification, Litton requested paperwork from Plaintiff to support the application.

8. Plaintiff supplied Litton paperwork, through his accountant and tax attorney, on June 1, 2009 and August 25, 2009. On both occasions, Litton was supplied the identical paperwork.

9. Plaintiff has also repeatedly forwarded to Litton his IRS Form 4506-T which was repeatedly requested by Litton. Plaintiff even faxed the IRS form to Litton four times between September 2009 and February 2010.

10. At no time prior to May of 2010, did Litton indicate to Plaintiff that the modified mortgage payment being made by him since June of 2009 was insufficient, inadequate, unacceptable or otherwise not in conformance with his loan modification offer.

11. In May of 2010, Litton sent a "Notice of Default and Intent to Accelerate" informing Plaintiff that his mortgage was in default and falsely indicating that the total amount necessary to bring Plaintiff's loan current was $46,555.16.

12. On June 1, 2010, Plaintiff's tax attorney and accountant sent Litton a letter, with attachments, informing Litton that all the necessary paperwork for Plaintiff's Loan Modification Agreement had been submitted repeatedly (see Exhibit "A" attached hereto).

13. In response to the letter of June 1, 2010, Litton forwarded its letter of June 11, 2010 (see Exhibit "B" attached hereto). Incredibly, Litton, in its letter, indicated that Plaintiff's "documents are not complete, as no financial documents were provided".

14. Not only had Plaintiff's complete documents been submitted; they had been submitted numerous times. Litton, in its letter of June 11, 2010, went on to indicate that "in addition, the documents included with your correspondence our (sic) outdated". Interestingly, the documents that Litton claims it did not receive were somehow "outdated".

15. On July 7, 2010, the undersigned attorney for Plaintiff sent a M.G.L. Chapter 93A, Section 9 Demand Letter to Litton and National (see Exhibit "C" attached hereto).

16. In response to the Chapter 93A Demand Letter, Litton sent Plaintiff another Notice of Default and Intent to Accelerate without addressing any of the issues raised in the July 7, 2010 letter (see Exhibit "D" attached hereto).

17. In all of Litton's Notices of Default and Intent to Accelerate Litton falsely claimed that the amount that Plaintiff was in arrears was $46,555.16 without giving Plaintiff credit for any of the modified payments made since June of 2009.

18. In its letter of June 11, 2010, Litton also advised Plaintiff that he would need to also deal with National Bankruptcy Services, LLC since Plaintiff had obtained a Chapter 7 Discharge in February 2009.

19. On May 28, 2010, National sent Plaintiff a letter requesting documents.

## COUNT ONE
### (Violation of M.G.L. Chapter 93A against Litton Loan Servicing)

20. Plaintiff repeats and reiterates paragraphs 1 through 19 of Plaintiff's Complaint as if separately set forth herein.

21. At all times relevant hereto, the Defendant, Litton Loan Servicing, was engaged in trade or commerce.

22. Litton has violated M.G.L. Chapter 93A, Sections 2 and 9 in the following respects:

   (a) By repeatedly failing to acknowledge receipt of Plaintiff's documents submitted in support of his Loan Modification Application;

   (b) Unreasonably and repeatedly requesting Plaintiff to resubmit identical paperwork on numerous occasions;

   (c) Unreasonably delaying the approval of Plaintiff's Loan Modification Agreement, despite the fact that he clearly qualified for same;

   (d) Accepting the modified amount of $1,364.16 as Plaintiff's mortgage payment from June 2009 through May 2010 without any indication to Plaintiff that said amount was unacceptable or constituted a default of his Mortgage Agreement;

   (e) Falsely claiming that Plaintiff was in arrears in the amount of $46,555.16 without giving Plaintiff credit for any payments made since June 2009;

   (f) Failing to promptly approve Plaintiff's Loan Modification Application, despite his obvious qualification for the modification;

   (g) On information and belief, Litton has engaged in a similar type of conduct as aforedescribed with applicants for loan modifications throughout the country so as to benefit from federal funds being made available for loan modification and coming up with various reasons for ending the loan modification after the "trial period";

   (h) Causing Plaintiff unnecessary legal and accounting expenses in order to comply with Litton's unreasonable demands.

23. Upon information and belief, the actions described in paragraph 22 were performed willfully and knowingly.

24. On July 7, 2010, a demand letter, pursuant to M.G.L. Chapter 93A, Section 9, was sent to Litton Loan Servicing by certified mail, return receipt requested. A copy of the demand letter has been attached to the Complaint.

25. In response, Litton sent Plaintiff a Notice of Default and Intent to Accelerate. .

26. As a result of the unfair and deceptive acts and practices of Litton, Plaintiff has been notified that his mortgage is in default and that Litton intends to accelerate the amount due under the mortgage. Plaintiff now faces foreclosure action by Litton.

27. As a result of the conduct of Litton, Plaintiff has suffered great emotional distress and unnecessary fees for legal and accounting costs.

28. WHEREFORE, Plaintiff demands judgment against the Defendant, Litton Loan Servicing, in an amount to be determined by the trier of fact; treble damages; interest; costs of suit and attorney's fees.

## COUNT TWO
### (Violation of M.G.L. Chapter 93A against National Bankruptcy Services, LLC)

29. Plaintiff repeats and reiterates paragraphs 1 through 28 of Plaintiff's Complaint as if separately set forth herein.

30. At all times referred to herein, National Bankruptcy Services, LLC, was engaged in trade or commerce.

31. National has violated M.G.L. Chapter 93A, Sections 2 and 9 in all actions described in paragraph 22 of this Complaint and in its actions as agent for Litton. National was further violative of Chapter 93A in its unreasonable, unnecessary and harassing requests to Plaintiff for documentation that had been supplied on numerous occasions.

32. On information and belief, National fully and knowingly assisted Litton in its unreasonable, deceptive and unfair practices more particularly described in paragraph 22 herein.

33. As a direct and proximate result of the conduct on the part of National, the Plaintiff has been caused to suffer severe emotional distress and incur excessive legal and accounting fees.

34. WHEREFORE, Plaintiff demands judgment against the Defendant, National Bankruptcy Services, LLC, in an amount to be determined by the trier of fact; treble damages; interest; costs of suit and attorney's fees.

## COUNT THREE
### (Intentional Infliction of Emotional Distress against Litton)

35. Plaintiff repeats and reiterates paragraphs 1 through 34 of Plaintiff's Complaint as if separately set forth herein.

36. The conduct as described in Count One of this Complaint on the part of Litton constitutes an intentional infliction of emotional distress.

37. As a direct and proximate result of Litton's intentional infliction of emotional distress, Plaintiff has been caused to suffer severe emotional distress and incur excessive fees for legal and accounting representation.

38. WHEREFORE, Plaintiff demands judgment against the Defendant, Litton Loan Sevicing , in an amount to be determined by the trier of fact, plus interest and costs of suit

## COUNT FOUR
### (Intentional Infliction of Emotional Distress against National)

39. Plaintiff repeats and reiterates paragraphs 1 through 38 of Plaintiff's Complaint as if separately set forth herein.

40. The conduct as described in Count One of this Complaint on the part of National constitutes an intentional infliction of emotional distress.

41. As a direct and proximate result of National's intentional infliction of emotional distress, Plaintiff has been caused to suffer severe emotional distress and incur excessive fees for legal and accounting representation.

42. WHEREFORE, Plaintiff demands judgment against the Defendant, National Bankruptcy Services, LLC, in an amount to be determined by the trier of fact, plus interest and costs of suit

## COUNT FIVE
### (Violation of M.G.L. Chapter 93, Section 49 against Litton)

43. Plaintiff repeats and reiterates paragraphs 1 through 42 of Plaintiff's Complaint as if separately set forth herein.

44. The conduct on the part of Litton as more particularly described in Count One of this Complaint constitutes a violation of M.G.L. Chapter 93, Section 49.

45. WHEREFORE, Plaintiff demands judgment against the Defendant, National Bankruptcy Services, LLC, in an amount to be determined by the trier of fact, plus interest and costs of suit

## COUNT SIX
### (Violation of US 15, USC Section 1692 against Litton)

46. Plaintiff repeats and reiterates paragraphs 1 through 45 of Plaintiff's Complaint as if separately set forth herein.

47. The conduct on the part of Litton as more particularly described in Count One of this Complaint constitutes a violation of the Federal Fair Debt Collection Practices Act, 15 USC Section 1692.

48. WHEREFORE, Plaintiff demands judgment against the Defendant, National Bankruptcy Services, LLC, in an amount to be determined by the trier of fact, plus interest and costs of suit.

## COUNT SEVEN
### (Injunctive Relief against Litton)

49. Plaintiff repeats and reiterates paragraphs 1 through 48 of Plaintiff's Complaint as if separately set forth herein.

50. Plaintiff seeks a Preliminary and Permanent Injunction enjoining the Defendant, Litton Loan Servicing, LLC from foreclosing on Plaintiff's residence at 72 Emmet Street, Brockton, Massachusetts.

51. WHEREFORE, Plaintiff requests this Honorable Court to:

   A. Enjoin the Defendants from issuing a Notice of Foreclosure;

   B. Enjoin Defendants from exercising Power of Sale;

   C. Enjoin Defendants from auctioning the Plaintiff's home at a foreclosure sale;

   D. Requiring Defendants to continue Plaintiff's Loan Modification.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.**

### VERIFICATION

I, Scott F. Foster, have personal knowledge of all the facts stated above and hereby swear under the pains and penalties of perjury that all those facts are true and accurate.

_____
Scott F. Foster, Plaintiff

SCOTT F. FOSTER
By his Attorney,

_____
Howard G. Guggenheim, Esquire
40 Tremont Street, Suite 63
Duxbury, MA 02332
781-264-3717
BBO #214150
DATED:        August 27, 2010

## LAW OFFICE OF THOMAS C. HULIEN, P.C.

| | |
|---|---|
| 62 Main St Suite 201<br>Kingston, MA 02364 | Tel: 781-829-1096<br>Fax: 781-582-1135 |

June 1, 2010

Litton Loan Servicing, LLS
4828 loop Central Dr
Houston, TX 77081

Fax: 713-793-4923        Certified mail article #:7006-0810-0000-3584-9300

Re:    Scott Foster
       72 Emmet St
       Brockton, MA 02302
Loan# 40827701

To whom it may concern:

Please be advised this office represents Scott Foster in regards to his loan modification with your company under loan # 408-27701.

My client has complied with numerous requests for paper work on June 01, 2009, July 29, 2009, October 22, 2009. Each time my client submitted the identical paper work, of which we have a record of (see Exhibit 1 attached postal records-6/1/09 (original packet sent see Exhibit 1), 7/29/09,8/25/09 (see Exhibit 2 and 3), which contained all the paperwork your company requested). My client spoke to Edna (800-247-9721 on 10/22/09) at which time- he resubmitted form 4506-T, and she confirmed with a voice message that it was received, and that all your paperwork is submitted, and we need nothing else on 10/22/09. On April 27, 2010 my client spoke to a representative and again, was told all his paper work was in order.

My client recently has received correspondence from your office informing him he no longer qualifies for the home loan modification because he did not return on the paper work. He was also informed in this letter (see attached letter dated 5/24/10- Exhibit 4) that he received a notice explaining the documents he failed to submit. On the contrary, my client never received this letter. Further, he has complied with all your requests for documents, and has made his modification payments on time in the amount of $1364.16, (see attached payment confirmations).

My client continues to submit the same identical paperwork, each time several weeks go by, and you company sends correspondence asking for the same paperwork, this has become harassing to my client, and has created much stress to him. We also feel the action have led to a breach of contract, and bad faith business dealings within the realm of the Massachusetts consumer protection laws chapter 93A. We look forward to trying to resolve this matter amicable in order to avoid further costs to each party.

Please feel free to contact me if you have any questions.

Sincerely,

Thomas C. Hulien, ESQ

Enclosures: Exhibits 1,2,3,4

*"Exh. A"*



**Litton Loan Servicing®**

4828 Loop Central Drive
Houston, TX 77081
Telephone (866) 326-5235
Fax (713) 966-8814
www.littonloan.com

June 11, 2010

Law Office of Thomas C. Hulien, P.C.
62 Main Street, Suite 201
Kingston, MA 002364

Re: Loan Number: 40827701
Mortgagor: Scott F. Foster
Property: 72 Emmet Street
Brockton, MA 02302

Dear Thomas C. Hulien:

Thank you for your correspondence received on June 7, 2010, regarding the referenced loan.

We are in receipt of the documents provided for possible loan modification. However, the documents are not complete, as no financial documents were provided, which is the reason that the May 24, 2010 Denial Letter was issued. In addition, the documents included with your correspondence our outdated.

Since your client obtained a Chapter 7 discharge on February 9, 2009, the loss mitigation process will be handled between our bankruptcy counsel, and our bankruptcy loss mitigation team. To obtain loan information, discuss the loss mitigation process, or any alternatives that may be available to your client, we respectfully request that you contact our bankruptcy counsel, Brice, Vander Linden and Wernick, PC at (800) 293-0204.

Should you have further questions, please contact the Bankruptcy Department at (866) 326-5235.

Sincerely,

Bankruptcy Department

IF YOU ARE NOT OBLIGATED ON THE DEBT OR IF THE DEBT HAS BEEN DISCHARGED IN A BANKRUPTCY PROCEEDING, THIS IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO ASSESS OR COLLECT THE DEBT FROM YOU PERSONALLY.

Doc ID: 425118

"Exh. B"

**Howard G. Guggenheim, Esquire**
47 Marion Drive
Kingston, Massachusetts 02364

Telephone:   781-264-3717

July 7 , 2010

Litton Loan Servicing
4828 Loop Central Drive
Houston, TX 77081

National Bankruptcy Services, LLC
9441 LBJ Freeway, Suite 250
Dallas, TX 75243

    Re:    Mortgagor:    Scott F. Foster
            Property:      72 Emmet Street, Brockton, Massachusetts 02302
            Loan No.:     40827701

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

**DEMAND LETTER PURSUANT TO
MASSACHUSETTS GENERAL LAWS, CHAPTER 93A, SECTION 9**

Dear Sir/Madam:

    Please be advised that I represent Scott F. Foster in the above referenced matter.

    As you are aware, my client, following his bankruptcy in February of 2009, applied for, and was granted, a loan modification. Beginning in July of 2009, Mr. Foster made payments of $1,364.16. He has made these payments every month through the present date. Attached hereto are notices from Litton Loan Servicing confirming internet transactions wherein Mr. Foster paid Litton Loan Servicing the modified mortgage payment.

    Since Mr. Foster first applied for his loan modification, he has been requested by Litton Loan Servicing to submit paperwork in support of his application. Each time that my client has been requested to submit the paperwork, he has done so. In fact, he supplied the identical paperwork on June 1, 2009 and August 25, 2009. He has also repeatedly forwarded to your office his IRS Form 4506-T which was repeatedly requested by Litton Loan Servicing. Mr. Foster faxed the IRS form to Litton four times between September 2009 and February 2010.

*Exh. C*

At no time prior to May of 2010, did Litton Loan Servicing indicate to Mr. Foster that the mortgage payment being made by him since June of 2009 was insufficient, inadequate, unacceptable or otherwise not in conformance with his loan modification offer.

In May of 2010, Litton Loan Servicing sent a "Notice of Default and Intent to Accelerate" informing Mr. Foster that his mortgage was in default and falsely indicating that the total amount necessary to bring Mr. Foster's loan current was $46,555.00 (see attached Exhibit "A").

On June 1, 2010, Mr. Foster's tax attorney and accountant, Thomas Hulien, Esquire, sent Litton Loan Servicing a letter, with attachments, informing Litton that all the necessary paperwork for Mr. Foster's loan modification agreement had been submitted repeatedly.

In response to Attorney Hulien's letter, Litton Loan Servicing forwarded its letter of June 11, 2010 (see attached Exhibit "B"). Incredibly, Litton, in its letter, indicated that Mr. Foster's "documents are not complete, as no financial documents were provided".

Not only has Mr. Foster's complete documents been submitted; they have been submitted numerous times. Litton Loan Servicing, in its letter of June 11, 2010, goes on to indicate that "in addition, the documents included with your correspondence our (sic) outdated". Interestingly, the documents that Litton Loan Servicing claims it did not receive are somehow outdated.

M.G.L. Chapter 93A, Section 2 makes unfair or deceptive acts or practices in the conduct of any trade or commerce unlawful. Litton Loan Servicing has violated M.G.L. Chapter 93A in the following respects, among others:

(a) By repeatedly failing to acknowledge receipt of Mr. Foster's documents submitted in support of his loan modification application;

(b) Unreasonably and repeatedly requesting Mr. Foster to resubmit identical paperwork on numerous occasions;

(c) Unreasonably delaying the approval of Mr. Foster's loan modification agreement, despite the fact that he clearly qualified for same;

(d) Accepting the modified amount of $1,364.16 as Mr. Foster's mortgage payment from June of 2009 through May of 2010 without any indication to Mr. Foster that said amount was unacceptable or constituted a default of his mortgage agreement;

(e) Falsely claiming that Mr. Foster was in arrears in the amount of $46,555.16 without giving Mr. Foster credit for any payments made since June of 2009;

(f) Failing to promptly approve Mr. Foster's loan modification application, despite his obvious qualification for the modification;

(g) Causing Mr. Foster unnecessary legal and accounting expense in order to comply with Litton Loan Servicing's unreasonable demands;

These same acts of unfair and deceptive acts or practices are asserted against National Bankruptcy Services as agent for Litton Loan Servicing.

Upon information and belief, these acts were performed willfully and knowingly.

As a result of the unfair and deceptive acts and practices of Litton Loan Servicing and National Bankruptcy Services, Mr. Foster has been notified that his mortgage is in default and that Litton Loan Servicing intends to accelerate the amount due under the mortgage. Mr. Foster now faces a foreclosure action by Litton which will be contested by all means at his disposal.

Mr. Foster has also suffered great emotional distress and unnecessary fees for legal and accounting costs.

Under M.G.L. Chapter 93A, Section 9, you have thirty (30) days from your receipt of this letter to respond with a reasonable offer of settlement. If you fail to respond or make a reasonable tender of settlement, the statute provides that you may be liable for up to three (3) times the actual damages and the reasonable attorneys' fees incurred by Mr. Foster for the prosecution of any action.

Very truly yours,

Howard G. Guggenheim
Attorney for Scott F. Foster

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  Francis Blackshear   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Litton Loan Servicing<br>4828 Loop Central Dr.<br>Houston, TX 77081 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☐ Certified Mail   ☒ Express Mail<br>☐ Registered       ☐ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label)   7010 0290 0002 0615 6119 | |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



|  |  |
|---|---|
|  | 4828 Loop Central Drive |
|  | Houston, TX 77081 |
|  | Telephone (800) 999-8501 |
|  | Fax (713) 966-8906 |
|  | www.littonloan.com |

Sent Via Certified Mail
7113 8257 1474 4709 3616

Hours of Operation (CST)
Mon.: 8 a.m. - 7 p.m.
Tues. - Thurs.: 8 a.m. - 8 p.m.
Fri.: 9 a.m. - 5 p.m.
Sat.: 8 a.m. - 12 p.m.

8/2/2010

SCOTT F. FOSTER
72 EMMET ST
BROCKTON, MA 02302

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Re:   Deed of Trust/Mortgage Dated:   10/8/2005
      Loan #:                         40827701
      Property:                       72 Emmet Street
                                      Brockton, MA 02302

Dear Mortgagor(s):

Litton Loan Servicing LP ("Litton"), on behalf of The Bank of New York Mellon f/k/a The Bank of New York as successor to JPMorgan Chase Bank, N.A., as trustee for the benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2005-D, in accordance with the referenced Deed of Trust/Mortgage and applicable state laws, provides you with formal notice of the following:

The mortgage loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.

To cure this default, you must pay all amounts due under the terms of your Note and Deed of Trust/Mortgage. As of 8/2/2010, the total amount necessary to bring your loan current is $50,540.25. Additional amounts may become due under your Note and Deed of Trust/Mortgage after 8/2/2010. For the exact amount you must pay to bring your loan current, please contact our office at the number below. Payment must be in the form of cashier's check, money order, or bank certified funds and can be made to Litton at the address and phone number below.

Litton Loan Servicing LP<br>
4828 Loop Central Drive<br>
Houston, TX 77081<br>
Telephone: (800) 999-8501

Please contact Litton at the address and phone number above if you dispute the claim that a default has occurred or the amount required to cure the default.

LITTON LOAN SERVICING LP IS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU ARE NOT OBLIGATED ON THE DEBT OR IF THE DEBT HAS BEEN DISCHARGED IN A BANKRUPTCY PROCEEDING, THIS IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO ASSESS OR COLLECT THE DEBT FROM YOU PERSONALLY.

2800.0035.103108094602                                          7113 8257 1474 4709 3616



"Exh. D"

| | Trial Court of Massachusetts | Docket Number |
|---|---|---|
| CIVIL ACTION COVER SHEET | SUPERIOR COURT DEPARTMENT County: **PLYMOUTH** | 2010-1130A |

PLAINTIFF(S) Scott F. Foster

DEFENDANT(S) Litton Loan Servicing + National Bankruptcy Services, LLC

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Howard G. Guggenheim

ATTORNEY (if known)

Board of Bar Overseers number: 214-150

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript;relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A03 | Contract | F | [X] Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses .................................................................................... $............
   2. Total Doctor expenses ....................................................................................... $............
   3. Total chiropractic expenses ............................................................................... $............
   4. Total physical therapy expenses ....................................................................... $............
   5. Total other expenses (describe) ........................................................................ $............
      Subtotal $............
B. Documented lost wages and compensation to date ................................................ $............
C. Documented property damages to date .................................................................. $............
D. Reasonably anticipated future medical and hospital expenses ............................... $............
E. Reasonably anticipated lost wages ......................................................................... $............
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $............
   TOTAL: $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Ch. 93A claim against Mortgage Loan Servicing Co.

Intentional Infliction of Emotional Distress                    TOTAL    $200,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record Howard Guggenheim           DATE: 8/30/10

A.O.S.C. 3-2007

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

Plymouth, ss

CIVIL DOCKET # PLCV2010-01130-A
**Courtroom CtRm 5 (72 Belmont Street, Brockton)**

RE: **Foster v Litton Loan Servicing et al**
TO:

Howard G Guggenheim, Esquire
40 Tremont Street
Suite 63
Duxbury, MA 02332

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **06/20/2012**.

## STAGES OF LITIGATION          DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 11/28/2010 | 11/28/2010 | |
| Response to the complaint filed (also see MRCP 12) | | 12/28/2010 | |
| All motions under MRCP 12, 19, and 20 | 12/28/2010 | 01/27/2011 | 02/26/2011 |
| All motions under MRCP 15 | 12/28/2010 | 01/27/2011 | 02/26/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 06/26/2011 | | |
| All motions under MRCP 56 | 07/26/2011 | 08/25/2011 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/23/2011 |
| Case shall be resolved and judgment shall issue by **06/20/2012** | | | 06/20/2012 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 09/01/2010

Robert S. Creedon, Jr.
Clerk of the Court

Telephone: (508) 583-8250 ext. 305

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130** --Check website as to status of case: http://ma-trialcourts.org/tcic  803625 inidoc01 mullinsj

← TEAR ↓ HERE ↓

Howard G.
40 Tremont
Duxbury, MA 02332

7010 0290 0003 5326 1551

Litton Loan Servicing
4828 Loop Central Drive
Houston, TX 77081



UNITED STATES
POSTAL SERVICE

1000
77081